## GUIOD v. GUIOD et als.

THE wife has no right in the homestead, independent of the husband, which she can enforce against his consent. She cannot maintain a suit for it in her individual name.

The statute affords protection to the husband, as head of the family, and through him to the wife and children.

Where the premises are abandoned as a homestead, the husband may then convey by his sole deed.

If, at the date of the conveyance by the husband, he had only removed from the premises temporarily, for some specific purpose, he could still claim their enjoyment and use as a homestead. The wife must follow the husband when he changes his residence.

APPEAL from the Twelfth District.

Ejectment brought in the individual name of the wife, the husband being made a party defendant. One of the other defendants, who had received a conveyance from the husband, demurred to the complaint, on the ground, that the plaintiff could not sue in her individual name; but, that her husband should have been joined as co-plaintiff, and on the ground, that it did not state facts sufficient to constitute a cause of action.

Plaintiff appeals from a final judgment on the demurrer, having failed to amend her complaint after demurrer sustained.

*F. J. Lippitt,* for Appellant.

1. A removal from the premises does not divest the homestead right. (4 Cal. 273 ; 6 Id. 236.)

2. A foreclosure sale under a separate mortgage of one of the spouses, does not affect the homestead right. (8 Id. 353.)

3. The wife alone may intervene for the homestead, or file a separate answer. (10 Id. 297.)

*C. M. Brosnan* and *C. McC. Delany,* for Respondent.

The homestead right cannot be individually asserted. The husband and wife must unite in the action. (*Cook* v. *Klink,* 8 Cal. 347 ; *Poole* v. *Gerrard,* 6 Id. 71.) The case of *Cook* v. *Klink,* is decisive of this suit, unless the naked averment in the complaint that the husband refuses to sue, is sufficient to obviate the necessity of making the husband a co-plaintiff.

Guiod *v.* Guiod.

Field, C. J. delivered the opinion of the Court—Cope, J. concurring.

The plaintiff seeks to recover the possession of premises formerly occupied by herself and husband as a homestead, and bases her action upon the alleged invalidity of the conveyance of her husband to one of the defendents, made without her signature. The suit is brought in her individual name, the husband having refused, upon application, to join as plaintiff. He is, accordingly, made a defendant, such refusal being alleged as the reason of this mode of proceeding. The demurrer to the complaint was sustained, and in our judgment, properly. The statute confers upon the wife no right to the homestead independent of the husband, which she can enforce against his consent. It affords protection to him, and only through him to the wife and children. It does not purport to interfere with the natural dependence of the latter upon the former. She is bound by her marital obligations to live with him, and when he changes his place of residence, she must accompany him. There is no obligation resting upon him to permanently occupy the same place; indeed, the highest interest of himself and family, their health and maintenance, and the proper education of his children, may require a relinquishment of the homestead. As by his act, the premises were originally impressed with the character of a homestead, so by his act they may be abandoned as such. The wife, from the nature of her dependent relation to her husband—a relation not only essential to the peace and happiness of the family itself, but to the well-being of society—must abide the consequences of such abandonment. So long as the premises retain the character of homestead, the conveyance of the husband, without the signature and acknowledgment of the wife, is invalid, so as to entitle the grantee to their possession, but no longer. It is around the actual, not the former, homestead of the *head* of the family that the law throws its protection. If, then, the premises in controversy were in fact abandoned, with no intention on the part of the *head* of the family to reoccupy them as a homestead, at the date of the conveyance, the entire estate passed to the grantee absolutely; but if not thus abandoned—if the removal were temporary in its nature, made for a specific purpose, for the repair or reconstruction of the build-

ing which had fallen—the premises remained subject to *his* right to claim their enjoyment and use as such homestead. The assertion of this right does not rest with the wife. If, in this case, the plaintiff were to recover, it could only result in placing the possession in the husband. He could immediately remove, and the wife would be obliged to follow him. The possession could not, therefore, be retained without his consent, and hence, no recovery can be had without his co-operation in obtaining it.

A similar ruling was made by this Court, in *Poole* v. *Gerrard*, (6 Cal. 71,) though it was placed upon different, and, as we have decided, in *Gee* v. *Moore*, (*ante*,) untenable grounds.

Judgment affirmed.