ROBERT S. DONALDSON and Wife *vs.* EVE LAMPREY.

December 30, 1881.

**Homestead—Abandonment—Filing Notice of Claim.**—Where the owner of a homestead has permanently and unequivocally abandoned it, by removing from it, and acquiring a new homestead elsewhere, his right of exemption to the first is lost. This is not such a removal as is contemplated or permitted by Gen. St. 1878, c. 68, § 8. Hence, filing notice of claim under Gen. St. 1878, c. 68, § 9, under such circumstances, will not preserve or continue his right of exemption.

The plaintiff, Robert S. Donaldson, was the owner of certain land in Dakota county, for which defendant holds a sheriff's certificate of sale on execution against Donaldson. This action was brought in the district court for that county, to remove the cloud upon the title to the lands occasioned by this certificate of sale, plaintiffs claiming the land as a homestead. The action was tried, without a jury, by *Crosby,* J., who ordered judgment for plaintiffs, and defendant appeals from an order refusing a new trial.

*Edmund Hollinshead,* for appellant.

*William Hodgson,* for respondents.

There has been no removal from the premises such as would be necessary to constitute an abandonment. Smyth on Homestead and Exemptions, § 283; *McMillan* v. *Warner,* 38 Texas, 410; *Campbell* v. *Adair,* 45 Miss. 170; *Shepherd* v. *Cassiday,* 20 Texas, 24; *Gouhenant* v. *Cockrell,* 20 Texas, 96; *Rix* v. *Capital Bank,* 2 Dillon, 367; *Woodbury* v. *Luddy,* 14 Allen, 1; *Lazell* v. *Lazell,* 8 Allen, 575; *Drury* v. *Bachelder,* 11 Gray, 214; 1 Bouvier's Law Dictionary, 498.

Upon filing notice of claim under Gen. St. 1878, c. 68, § 9, plaintiffs were entitled to five years' exemption. Such statutes are to be liberally construed. *True* v. *Estate of Morrill,* 28 Vt. 672; *Campbell* v. *Adair,* 45 Miss. 170; Smyth on Homestead and Exemptions, § 7; Thompson on Homestead and Exemptions, § 4; *Robinson* v. *Wiley,* 15 N. Y. 489; *Trawick* v. *Harris,* 8 Texas, 312.

MITCHELL, J. Action to set aside a certificate of sale on execution of certain real estate in Dakota county. The ground upon which this

relief is sought is that the land in question was, at the time of the execution sale,—December 6, 1879,—the homestead of the plaintiffs, and hence exempt. The authorities all concur in holding that when, by unequivocal abandonment, the former owner of a homestead has evinced his intention of no longer treating it as his homestead, his right of exemption is lost, and that the fact of abandonment may be conclusively proved by the fact that the owner has removed and acquired a new homestead elsewhere. This is upon the self-evident principle that a man cannot have two homes at the same time. We are of opinion that the evidence in this case shows clearly that the plaintiffs had, prior to this execution sale, removed from their former home in Dakota county, and acquired a new domicile and home upon their government homestead in the county of Sibley, which plaintiff Robert S. Donaldson had taken and settled upon under the laws of the United States commonly known as the soldiers' and sailors' homestead acts of April 4 and June 8, 1872. 17 U. S. St. at Large, 49, 333. These are entitled acts "to enable honorably-discharged soldiers and sailors * * * to acquire homesteads on the public lands of the United States." They require the claimant to make an affidavit that the entry is made for the purpose of actual settlement and cultivation. They provide that no certificate or patent shall be issued therefor without proof that the party has resided upon, cultivated, and improved the same for a certain period of time.

Upon the trial of this action, plaintiff admitted that he went to Sibley county in the spring of 1877, with the intention of entering a soldier's homestead; that he selected and located one in June of that year, and on the 30th day of that month he filed in the United States land-office his declaratory statement or application to enter the same, in which he described himself as of Sibley county; that, on the same day, he made the affidavit required by the homestead act, in which he swore that he made the application in good faith and for the purposes of actual settlement and cultivation, and that he was actually residing on the land; that the same year he built a house on it and broke a part of the land, and that he has continued to make other improvements upon it since that time; that in the summer or fall of

1878 he went into the machinery business at Stewart, in the vicinity of this homestead, he living in the house which he had built on it; that he has continued engaged in that business at that place ever since. Prior to that time he had spent part of his time at his old home in Dakota county, but since that date he has spent substantially all his time in Sibley county, where his business is. Prior to October, 1879, his wife spent part of the time with him in Sibley county, and part of the time at the old home in Dakota county, but since that date she has lived all the time with her husband on the government homestead in Sibley county, except during short absences. Plaintiff also admits not only that he took this government homestead in 1877, but that he has continued to occupy it down to the present time, and that since July, 1878, he and his family, or some of them, have been there living, except during temporary absences; also, that he made an affidavit, for the purpose of having the judgment opened under which the land in dispute was sold, in which he stated that he had lived in Sibley county since 1877. He also admits that he has exercised the electoral franchise in Sibley county, and, when on the stand as a witness on the trial of this action, he stated that he still expected and intended to make "final proof" and obtain a patent for his soldier's homestead in Sibley county.

Against all this array of facts tending to show an abandonment of the former home, and the selection and adoption of a new one, the only evidence offered is that his household furniture used in the Dakota home still remains there, and that a son and a daughter still continue to occupy it; and the statement of plaintiff himself on the trial that it has never been his intention to change his residence or remove from the land in dispute, that he had always regarded it as his home, and that it had always been his intention to return to it. But it does not appear whether this son and daughter are minors, or have attained their majority, or how or under what arrangement they continue to occupy the old homestead; and the mere statement by plaintiff that his intention was not to remove permanently, but to return, cannot control the overwhelming weight of evidence to the contrary, as disclosed by his own conduct and acts. Moreover, a mere vague intention to return some time in the indefinite future,

and which may be entirely consistent with the fact of having gained a new homestead, will not be sufficient to preserve a homestead right. The removal must be with a certain and definite purpose of return, and which excludes the idea of adopting a new home in the mean time. Either the plaintiff left his old home without this idea of retaining it as his homestead, and has gained a new home and legal domicile in Sibley county, or else he has been guilty of illegal voting, and has designed and still designs to perpetrate a fraud upon the United States by means of perjury; a dilemma in which, in justice to plaintiff himself, we have no desire to place him.

It is urged that the act of March 10, 1860, (Gen. St. 1878, *c.* 68, § 8,) has changed the law as to the effect of a removal from a homestead. This statute provides that the owner of a homestead may remove therefrom, and such removal shall not render such homestead liable or subject to forced sale on execution against the owner. We do not believe that the intention of this statute was to allow a person to permanently remove from a homestead and acquire another and still retain the former as exempt. This, in effect, would be saying that a man might have two homesteads at the same time. Under the statute, as it stood prior to 1860, a homestead was only exempt when owned and *occupied* by the claimant. This was liable to the construction that the homestead right would be lost by a continued omission to occupy it, although only with a temporary purpose, and with an intention to return. And, we think, the purpose of the act of 1860 was to protect the homestead right in such cases, and not in cases where the party had permanently abandoned it and acquired a new homestead elsewhere. It is still only the *homestead* which is exempt, and the removal which will not destroy the exemption is one for temporary purposes, or, at least, one which has not been followed by the party's acquiring a new homestead elsewhere. But the "homestead" is the sole subject of the statute. What he may remove from is his homestead; what is to remain, notwithstanding his removal, is his homestead; and what is exempt is always, in the words of the statute, his "homestead," which means his legal home and dwelling-place, although temporarily personally absent. If a different construction of the statute should obtain, what had once

been a man's homestead might remain exempt after it had ceased to be his homestead and after he had gained another, and thus a person be permitted to enjoy a plurality of exemptions at the same time —a result which would be a fraud upon the spirit of the statute. *Jarvais* v. *Moe,* 38 Wis. 440.

It is suggested that the act of March 6, 1868, (Gen. St. 1878, c. 68, § 9,) modifies the act of 1860. It certainly does, but not in a way to aid the plaintiffs. It does not enlarge, but limits and restricts, the right of removal given by the previous act. The provisions of the act of 1868, to the effect that filing notice will not protect the homestead right for a longer period than five years, unless accompanied during some portion of that time by actual occupancy and residence, tend quite clearly to indicate the nature and character of the removal referred to which would not destroy the homestead exemption.

Our conclusion is that the entire weight of evidence in this case is to the effect that plaintiffs had permanently abandoned their former homestead in Dakota county, and had acquired a new one in Sibley county. The fact that they had not yet acquired perfect title to the latter is not material. This permanent removal, followed by the acquiring of a new homestead, is not such a removal as is allowed by the statute; and consequently the act of filing notice under Gen. St. 1878, c. 68, § 9, would not preserve or continue the exemption.

Order reversed, and a new trial ordered.