JAMES W. WILLIAMS *vs.* MALCOLM MOODY and others.

June 1, 1886.

**Homestead—Abandonment.**—There may be an abandonment (without any writing) of a homestead which will terminate its existence and exemption.

**Same—Removal—Intent.**—An actual removal from a homestead, without any intent to return to it as a home or place of abode, constitutes an abandonment.

**Same—Husband's Intent Governs.**—As head of the family, it is for the husband to determine and fix the domicile of the family, including that of the wife; so that when he and his wife remove from a homestead, *he* having no intention of returning, that fixes the character of the removal as an abandonment.

The plaintiff brought this action in the district court for Lyon county, to restrain the defendants from foreclosing a mortgage by advertisement. The action was tried, without a jury, by *Webber, J.,* who found the following to be the facts, viz.: Prior to the spring of

1881, one Mathews was the owner of an eighty-acre tract of land, to which he had acquired title under the homestead law, and which he occupied with his wife as a homestead. In the spring of 1881 Mathews with his wife removed from the land, he having no intention of returning; and he never thereafter resided upon the land, although they continued to cultivate portions of it during 1881, 1882 and 1883. After his removal, Mathews, (his wife not joining,) for a valuable consideration, duly made and delivered to defendant Moody a mortgage of the land, which was duly recorded in June, 1881. On December 2, 1882, Mathews and wife, by warranty deed, duly conveyed the land to the plaintiff. The defendant has begun proceedings to foreclose his mortgage by advertisement. Upon these facts the court found, as conclusions of law, that, at the time of the execution and delivery of the mortgage to defendant Moody, the land was not the homestead of Mathews, and that the mortgage is a valid lien, and defendant Moody is lawfully entitled to foreclose the same. Plaintiff appeals from the judgment.

*E. St. Julien Cox* and *D. S. Griffin,* for appellant.

*A. C. Forbes,* for respondents.

BERRY, J. Mathews, owning the land in controversy, and no other, and together with his wife residing upon and occupying the same as a homestead, removed therefrom with his wife prior to May 25, 1881. At the time of removal he had no intention of returning to reside upon the land and never afterwards resided thereon, although he and his wife continued to cultivate it, or a portion of it, during 1881, 1882, and 1883. On May 25, 1881, he alone executed a mortgage of the land to defendant Moody. The question is whether, on the foregoing facts, the mortgage is valid as against any homestead right of Mathews and his wife. Although a married man cannot make a valid conveyance of his homestead unless his wife join, (*Coles* v. *Yorks,* 28 Minn. 464, 10 N. W. Rep. 775,) there may, without any writing, be an abandonment of it which will terminate its existence as a *homestead,* and therefore its exemption. *Donaldson* v. *Lamprey,* 29 Minn. 18, (11 N. W. Rep. 119;) *Fyffe* v. *Beers,* 18 Iowa, 4; *Titman* v. *Moore,* 43 Ill. 169; *Guiod* v. *Guiod,* 14 Cal. 506, (76 Am. Dec. 441;) *McMillan* v. *Warner,* 33 Tex. 410.

An actual removal from the homestead, without any intent to return to it as a home or place of abode, constitutes such abandonment; for it is equivalent to a surrender of all claim to the premises. *as a homestead.* Donaldson v. *Lamprey, supra;* McMillan v. *Warner, supra;* Titman v. *Moore, supra;* Campbell v. *Adair,* 45 Miss. 170.

As head of the family, it is for the husband to determine and fix the domicile of the family, including that of the wife. His domicile is therefore her domicile; so that when he and his wife remove from a homestead, he having no intention of returning, *that* fixes the character of the removal as an abandonment, for the intent of the husband as head of the family controls, and he has the right to determine whether there shall be a return or not. *Titman* v. *Moore, supra;* Guiod v. *Guiod, supra;* Phillips v. *City of Springfield,* 39 Ill. 83; Johnston v. *Turner,* 29 Ark. 280; Brennan v. *Wallace,* 25 Cal. 108.

Whether any different rule would prevail in case the wife should be induced to remove from the homestead by some fraudulent practice, we need not, in this instance, inquire. And it is, of course, to be added that what we have said has no application to the cases of absconding or desertion, mentioned in the first section of the homestead law.

It follows from the foregoing that at the time when the mortgage was executed to Moody the land had ceased to be Mathews's homestead, and that, therefore, as respects any homestead right, the mortgage is valid.

Judgment affirmed.