## Repenn v. Davis et al.

1. **Homestead:** ABANDONMENT: WHAT IS NOT. A failure to live upon a homestead for about seven years prior to the conveyance of it to plaintiff, *held* not to be an abandonment of it, where the husband and wife both intended to occupy it again as a homestead as soon as their affairs would permit, and they all the time retained the use of a portion of the house for the storage of their goods; and that a judgment rendered against the owner prior to the conveyance to plaintiff could not be enforced against the property.

*Appeal from Pottawattamie District Court*—Hon. A. B. THORNELL, *Judge*.

WEDNESDAY, OCTOBER 12.

ACTION in chancery to enjoin the execution of a sheriff's deed upon a sheriff's sale of a lot, and for a decree declaring

the judgment not to be a lien thereon. Upon the final hearing plaintiff's petition was dismissed, and she appeals.

*Cole, McVey & Clarke* and *E. A. Babcock*, for appellant.

*Benjamin & Askwith*, for appellee.

BECK, J.—I. The ground upon which plaintiff asks the relief prayed for in his petition is that the property sold upon the execution was the homestead of her grantors, and therefore exempt from the lien of the judgment and the sale thereon. There can be no controversy that at the time the judgment was rendered the property was occupied by plaintiff's grantors as a homestead. But it is insisted that because of its abandonment it ceased to retain that character. The only question in the case is, did plaintiff's grantors abandon the property as a homestead, and cease to entertain an intention to reoccupy it as a home?

II. Plaintiff's grantors were husband and wife, and the title was in the wife. The husband went west in quest of employment, intending that his absence should be temporary, but without a fixed time. The wife occupied the home with her daughter for a few months, and then went to visit with friends, renting all of the house but one room, in which she kept her household goods. After an absence of two years she returned, but, as it was necessary for her to engage in some business for her support, she found it more convenient to occupy another building, leaving some of her household goods in a room of the house, and reserving about one-half of the lot. The whole of the house and lot was not rented, and possession of a part thereof was retained by the wife. This condition of affairs continued until the return of the husband, and no change was made as to the occupancy of the house upon his return, until the conveyance to plaintiff in about one year thereafter. Both husband and wife entertained the intention to occupy the home again as a homestead when their affairs should permit. They did not live in

the house for about seven years prior to the conveyance to plaintiff. This long absence from the house, in the absence of the fact that they retained possession of a part of it, possibly would cause a presumption of abandonment. But we think the presumption is overcome by the fact that they retained possession of a part of the house and lot, and kept there a part of their household goods. They had not, in fact, wholly abandoned the property, and their occupancy of a part of it imparted notice to the world of their right thereto. The cases cited by counsel of both parties have little, if any, bearing upon this case, which we decide upon its peculiar facts; the controlling one being the occupancy all the time of a part of the premises by plaintiff's grantors, who, in fact, had not wholly abandoned them.

We reach the conclusion that the decree of the district court ought to be reversed. The cause will be remanded for a decree in accord with this opinion.

REVERSED.