R. P. Russell *vs.* John Speedy, impleaded, etc.

April 20, 1888.

**Homestead—Abandonment—Statutory Notice.**—Under the provisions of Gen. St. 1878, *c.* 68, § 9, the owner may remove from his homestead for a period of six months, without such absence affecting his homestead rights in any degree. The immunity from seizure or sale does not depend upon his filing the notice prescribed by said section, nor upon reoccupation, but is absolute.

Appeal by defendant Speedy from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial in an action to enforce a lien for material.

*Hart & Brewer,* for appellant.

*Gilger & Harrison,* for respondent.

Collins, J.[1]  The findings of fact herein show that for some time prior to the month of October, 1885, the defendant Speedy owned, and with his family occupied, a certain lot in the city of Minneapolis, using a temporary structure thereon for his dwelling. It is conceded that, when he moved from said premises into a rented house in said month of October, they were exempt from seizure or sale, under the homestead laws of this state. Between December 1, 1885, and August 1, 1886, defendant Putnam, under a contract with said Speedy, built for him a dwelling-house upon said lot, for which he has been paid in full. On February 19, 1886, plaintiff commenced to furnish to Putnam materials, which were used in the construction of said house, and continued so to furnish up to March 16, 1886, on account of which a balance is due the plaintiff. The defendant Speedy moved back into his temporary dwelling May 10th, and, upon the completion of the new house, took possession, and has ever since occupied it. Plaintiff, having complied with the statute, brought this action to foreclose a lien claimed upon said premises, was successful in the court below, and from the order refusing a new trial defendant Speedy appeals.

[1] Mitchell, J., was absent, and took no part in this case.

A construction of Gen. St. 1878, c. 68, § 9, is involved, and it will be noticed that Speedy was absent from said premises for nearly seven months; that plaintiff furnished said materials after the removal, and before the expiration of the period of six months specified in said section within which a notice designating and claiming the homestead must be made and filed, if at all; and that no such notice was made. The plaintiff contends that by reason of Speedy's removal and absence for more than six months, and his omission to file the notice, he cannot now assert his homestead rights as against plaintiff's claim for materials furnished during said period of six months for the construction of the house; and the question seems to be whether the exemption continues unconditionally during said period, or whether, after removal, it is in abeyance, subject to revival by a filing of the notice, or by a return to the premises, within the time fixed. Prior to the passage of Laws 1860, c. 95, the exemption ceased with the occupation of the homestead; but by that act, (now section 8, chapter 68, supra,) the owner may remove therefrom, and sell and convey the same, without jeopardizing his homestead rights. The term of absence, or the time within which a sale must be made after removal, was not fixed, nor is there any intimation that the right of removal and sale is not absolute. Section 9, now under consideration, is. chapter 58, Laws 1868, and seems to have been enacted with reference to the act of 1860, and for the purpose of limiting the period of absence to six consecutive months; and the right to claim exemption. "shall cease and determine on the expiration of such period,  *  *  * unless prior thereto" the notice shall be filed. In *Donaldson* v. *Lamprey*, 29 Minn. 18, (11 N. W. Rep. 119,) it was held that by filing such notice the homestead was not protected when actually abandoned; and we are of the opinion that for the term of six months. after removal the right remains as perfect and complete as before. The immunity from seizure or sale does not depend upon the notice, nor upon reoccupation, but is absolute for the period within which either may be done.

Order reversed.