JOHN KRAMER and Another v. GAYLORD LAMB.[1]

November 29, 1901.

Nos. 12,774—(63).

**Abandonment of Homestead.**
> Evidence examined, and *held* to justify a finding that plaintiffs had abandoned their homestead, notwithstanding the fact that the statutory notice was recorded.

**Removal—Intent.**
> When the wife joins her husband in his absence from the homestead, his intentions fix the character of the removal.

Action in the district court for Blue Earth county to vacate and set aside a sheriff's sale of real estate under execution on the ground that the premises were plaintiffs' homestead and therefore exempt. The case was tried before Cray, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

C. R. Davis and Thos. Hessian, for appellants.

S. B. Wilson, for respondent.

LEWIS, J.

The plaintiff John Kramer owned a homestead in the village of Madison Lake, Blue Earth county, and, together with his family, occupied the same from February 9, 1887, until about May 25, 1898. Plaintiff was a saloon keeper, and, being unable to secure a license for the future carrying on of that business in Madison Lake, he went to the village of Elysian in April, 1897, where he obtained a liquor license and opened a saloon. For about a year thereafter plaintiff's family remained at Madison Lake while he conducted the saloon business at Elysian, going back and forth from time to time; but on May 24, 1898, he moved his family to Elysian, where they continued to live and he carried on his business up to within a week of the commencement of this action. Upon their removal from Madison Lake, plaintiffs executed a notice of their claim and

1 Reported in 87 N. W. 1024.

intention to hold the premises as their homestead, pursuant to G. S. 1894, § 5529, and recorded the same in the county of Blue Earth on May 31, 1898.

In 1890 a judgment was recovered against the plaintiff John Kramer, which was assigned to the defendant in February, 1899, while the premises were unoccupied by plaintiffs. On June 20, 1899, the homestead was sold under this judgment and bought in by the defendant.

This action was brought to set aside the sale and the sheriff's certificate thereunder upon the ground that the premises were the plaintiffs' homestead and exempt from execution sale. The trial court found that plaintiffs abandoned their homestead prior to June 20, 1899, and that at the time of the levy upon it under the execution it was subject to sale, and ordered judgment for defendant. From an order denying plaintiffs' motion for a new trial, they appeal. The findings of the court as to the fact of abandonment are challenged by assignments of error.

The law in reference to homesteads and their occupancy has been settled by the decisions of this court in the following respects: That under the provisions of G. S. 1894, §§ 5528, 5529, the term "occupancy" refers to actual occupancy of the premises as a home or dwelling place, but the word "actual" in this connection must receive a reasonable construction, and its meaning must not be understood to require constant personal presence, so as to make a man's residence his prison, or that temporary absence enforced by some casualty or for purposes of business or pleasure would constitute a removal, a cessation of occupancy, or an abandonment. Quehl v. Peterson, 47 Minn. 13, 49 N. W. 390. It has also been held that, whenever the owner shall leave his premises or cease to occupy them as a homestead for more than six consecutive months, his homestead right shall terminate on the expiration of the six months, unless he file in the office of the register of deeds the notice referred to. If during that period of six months his absence is of such a temporary nature as not to warrant the conclusion of abandonment, then, under the holding in Russell v. Speedy, 38 Minn. 303, 37 N. W. 340, the homestead is absolutely free from the liens of creditors during that time But

if the owner ceases to occupy the premises as a residence, and removes therefrom with the intention of abandoning it, then, from the time of such vacation, regardless of the six-months proviso, he loses his homestead exemption right. If the owner discontinues occupancy of his homestead, and moves away with the intention of abandoning it, his homestead right will not be preserved or continued by filing the statutory notice. Donaldson v. Lamprey, 29 Minn. 18, 11 N. W. 119. In the case of Clark v. Dewey, 71 Minn. 108, 73 N. W. 639, the question of abandonment was discussed, and the previous decisions of this court considered and reviewed.

The case now before us presents a little different phase of the question, but involves the same principle, viz.: The owner removes from his premises, not with the intention of abandoning, but of returning, and files the required statutory notice for his protection in case of absence for more than six months. Afterwards, however, his intention changes, and for an indefinite time he makes a home in another locality. The only question for determination is, did the evidence justify the trial court in finding that the plaintiff Kramer changed his intention, and in fact abandoned his former place of residence as a home? The evidence shows his purpose in removing from the homestead,—that he was no longer able to continue the saloon business in Madison Lake, and therefore selected a place wherein it could be carried on. It appears that he tested the success of this step for the period of one year, and, his experience having resulted satisfactorily, he removed his family from the old to the new place of abode, which fact tended to show an intention to make the removal permanent, or at least indefinite. His intention to abandon his former home as a homestead appears also from the fact that, together with his family, he remained in Elysian for three years in continual engagement of his business, and that during this interval he identified himself as a citizen of the new community, by declaring himself a resident thereof, and voting at two of the village and two of the general elections. True, he testified that it was always his intention to return to Madison Lake, and that he was only temporarily absent for business purposes, but this declaration is quali-

fied by his statement that he had no definite time in mind upon which to make such return.

A man's intentions are not necessarily fixed by what he may declare them to be. They are determined by his conduct and the circumstances surrounding him. It is unreasonable to assume that the plaintiff Kramer voted at the elections in Elysian ignorantly, and without intending to be identified as a resident of that place. Such conclusion is not justified, because it would lead to the inference that he was a wilful violator of the election laws. The length of time in which he remained in business in Elysian, and his unsettled and indefinite purpose of returning to Madison Lake, are inconsistent with a continuing and abiding purpose to retain his legal residence at the latter place.

In addition to the decisions of our own court upon this question, the following cases may be profitably considered: Ross v. Hellyer (C. C.) 26 Fed. 413; Harper v. Forbes, 15 Cal. 202; Waples, Homest. pp. 562–565. We are therefore of the opinion that the trial court was justified by the evidence in finding that the plaintiffs had abandoned their homestead rights at the time of the levy of the execution.

It is claimed that the acts and intentions of the husband do not necessarily control the legal status of the wife. If during his absence the wife and family had remained at the homestead, a different question would be presented. But it has been decided in this state (Williams v. Moody, 35 Minn. 280, 28 N. W. 510) that, as head of the family, it is for the husband to determine and fix the domicile of the family, including that of the wife, so that when he and his wife remove from the homestead his intention fixes the character of the removal as an abandonment.

Order affirmed.