HENRY JAENICKE v. FOUNTAIN CITY DRILL COMPANY.[1]

January 8, 1909.

Nos. 15,889—(142).

**Homestead—Notice of Claim.**

> Section 3458, R. L. 1905, relating to the occupancy of a homestead and the filing of notice of a homestead claim, construed, and *held* that, in computing the time the owner is absent from his homestead and the time within which notice of homestead claim must be filed, the first day of his absence therefrom must be excluded and the last day included; and, further, that during the absence of the plaintiff herein from his homestead, under the particular circumstances disclosed by the evidence, he did not cease to occupy the same, within the meaning of the statute.

**Same—New Trial.**

> The trial court did not err in denying the defendant's motion for a new trial, nor in its rulings as to the admission of evidence.

Action begun in the district court for Scott county to set aside a sale of certain premises on execution, because they constituted the plaintiff's homestead when the judgment was recovered and the land was sold. By stipulation of the parties the case was transferred to Ramsey county where it was tried before Orr, J., who made findings and ordered judgment in favor of plaintiff. From an order denying a new trial and from the decree in favor of plaintiff, defendant appealed. Affirmed.

*Charles S. Cairns,* for appellant.

Leaving the household furniture at the homestead claimed, is held not inconsistent with actual abandonment, and is certainly consistent with a "ceasing to occupy." Donaldson v. Lamprey, 29 Minn. 18. The word "occupy" in section 3458 means "actual occupancy of the premises, and an actual residence thereon as a home or dwelling place." Quehl v. Peterson, 47 Minn. 13; Bailiff v. Gerhard, 40 Minn. 172. "Temporary absence for purposes of business or pleasure," if accompanied with a removal of the claimant and his family to a new place of abode where they reside together and where the claimant engages

[1] Reported in 119 N. W. 60.

in a new business or enters employment, is a "ceasing to occupy" within the statute, though the claimant intends to return. The occupancy which preserves a homestead must be actual, not constructive. It is not like possession which may be constructive. This is the error the court below fell into. Clark v. Dewey, 71 Minn. 108. Leaving furniture in the house claimed as a homestead, only bears upon the question of the possession of the property, and possibly the intention of the owner to return at some time, though the latter does not follow necessarily. It does not make it his place of residence. It does not dispense with the necessity of filing the statutory notice, if the owner and his family dwell elsewhere longer than six months.

*L. J. Dobner,* for respondent.

START, C. J.

On January 4, 1906, the defendant herein recovered judgment in the district court of the county of Scott against the plaintiff herein for the sum of $668.72. Execution was issued to enforce payment of the judgment, and the land described in the complaint was sold on execution sale to the defendant on September 22, 1906, to satisfy the judgment, and the sheriff's certificate of sale was duly recorded in the office of the register of deeds for the county of Scott. The plaintiff brought this action to set aside such sale, on the ground that the land was his homestead when the judgment was recovered and when the land was sold on execution. The cause, by stipulation of the parties, was transferred to the district court of the county of Ramsey, where it was tried by the court without a jury, and findings of fact and conclusions of law made to the effect that the land was the homestead of the plaintiff and the sale for that reason was void. The defendant appealed from an order denying its motion for a new trial and from the judgment entered on the findings.

The contention of the defendant is that the finding of the trial court that the land was the plaintiff's homestead is not sustained by the evidence, for the reason that it shows that he ceased to occupy the premises for more than six consecutive months without filing the statutory notice of homestead claim; hence its judgment was a lien on the premises. There was evidence tending to show that the plaintiff purchased the premises, which are located in Jordan, in 1902;

that his family consisted of himself and his wife, and that ever since then they have occupied and claimed the premises as their homestead; that he was absent from Jordan on temporary business, his wife accompanying him, from November 10, 1905, to May 10, 1906; that no notice of homestead claim was filed, but he left his house furnished and everything therein substantially as it was when he and his wife were living therein; that the house during their absence was left by them in charge of a neighbor, who had the key thereto and occasionally went into the house to dust, air, and care for it; and, further, that he acquired no other home during his absence. There was also evidence tending to show that the plaintiff had been in business at Jordan, but closed it out in the fall of 1905, and went from there to Hill City, in this state; that when he left he took a team of horses, a few chairs, and a sewing machine, which were shipped from Jordan in a car, and that he and his wife left the next day after he shipped the car; that they boarded at a hotel for a while during their absence, and then they rented a room in which they kept house until they returned home; and, further, that during his absence he had no business at Jordan, and that his business at Hill City was carrying mail under a contract for the winter. While there was other evidence more or less relevant to the question whether the plaintiff ceased to occupy his homestead for more than six consecutive months, yet the evidence, considered as a whole, was amply sufficient to sustain a finding of the evidentiary facts we have indicated.

The defendant urges that, assuming the plaintiff left his home on November 10, 1905, and returned to it on May 10, 1906, he had then ceased to occupy it for more than six months, which expired on May 9. The statute (R. L. 1905, § 3458) is to the effect that, if a party ceases to occupy his homestead for more than six consecutive months, he shall be deemed to have abandoned the same, unless within such period he shall have filed a notice of his homestead claim with the register of deeds of the proper county. It is to be noted that a homestead right, where there is no actual abandonment thereof, is not lost, in case no notice is filed, unless the owner shall cease to occupy it for more than six consecutive months without filing the notice, and that such notice may be filed within such period. It follows that, in computing the time the owner is absent from his homestead and the time

within which the notice must be filed, the first day of his absence therefrom must be excluded and the last day included, in accordance with the rule established in the case of Spencer v. Haug, 45 Minn. 231, 47 N. W. 794. If, therefore, the plaintiff left his house on November 10 and returned to it on May 10 next thereafter, he did not cease to occupy it for more than six months, and he never lost his homestead rights, even if it be held that he ceased to occupy it during his absence, within the meaning of the statute.

We are, however, of the opinion that the plaintiff, during his absence from his homestead, did not, in view of the particular circumstances disclosed by the evidence, cease to occupy it, within the meaning of the statute. The homestead statute must be reasonably and liberally construed, in order to give effect to its beneficent purpose, and a temporary absence of the owner from his homestead, leaving his house and substantially everything therein to the care of another for him, for the purpose of business or pleasure, not amounting to a change of actual residence, would not constitute a ceasing to occupy his homestead, within the meaning of the statute. Quehl v. Peterson, 47 Minn. 13, 16, 49 N. W. 390; Kramer v. Lamb, 84 Minn. 468, 87 N. W. 1024. We hold that the findings of fact of the trial court are sustained by the evidence.

The defendant made a motion for a new trial on the ground of alleged newly discovered evidence tending to discredit the plaintiff's testimony that he and his wife left Jordan on November 10 and to show that he left on November 9. The record does not show an abuse of discretion by the trial court in denying the motion, for the question as to the diligence of the defendant was clearly one of fact. But, were it otherwise, the order was not reversible error; for, in view of our holding that the plaintiff did not cease to occupy the premises, the alleged fact that he left his home on November 9, instead of November 10, becomes immaterial.

The defendant also assigns error in the rulings of the court as to the admission of evidence on the trial. We find no reversible error in the rulings.

Order and judgment affirmed.