### In re CROCKER et ux.

(District Court, N. D. Iowa, W. D. October 17, 1914.)

No. 1088.

1. APPEAL AND ERROR (§ 1019*)—REVIEW OF FINDINGS OF REFEREE.

A finding of fact by a referee on conflicting testimony will not be disturbed by the court, unless an obvious error has intervened or some serious mistake has been made in considering the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4008–4010; Dec. Dig. § 1019.*]

**2. BANKRUPTCY (§ 400*)—HOMESTEAD EXEMPTION—TEMPORARY REMOVAL FROM HOMESTEAD.**

A finding by a referee that bankrupts, husband and wife, in moving from their farm in Minnesota to Iowa, left the farm temporarily and did not lose their right to claim and hold the same as a homestead under Gen. St. Minn. 1913, § 6963, which provides that a debtor may remove from his homestead without affecting his right to the exemption if he do not thereby abandon the same as his place of abode, *held* sustained by the evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

In the matter of Lovell R. Crocker and Sarah C. Crocker, his wife, bankrupts. On petition of the trustee of bankrupts' estates for review of an order of the referee allowing and setting apart to them a homestead. Affirmed.

J. B. Lindsay, of Sheldon, Iowa, for trustee.
C. A. Babcock, of Sheldon, Iowa, for bankrupts.

REED, District Judge. From the certificate of the referee it appears that on November 26, 1913, the trustee of the estates of the above-named bankrupts, who are husband and wife, set apart certain property as exempt to them; that the bankrupts filed exceptions before the referee to the report of the trustee in the matter of such exemptions, and claimed, in addition to the property set apart to them by the trustee, about 40 acres of land, with the buildings thereon, in the state of Minnesota, where they resided and occupied such homestead immediately before coming to this state, where they were engaged in business at the time they were adjudged bankrupts (in September, 1913). Upon the hearing of such exceptions and claim of the bankrupts to a homestead, the referee heard the testimony of the respective parties, made a finding of facts, and set apart to the bankrupts, in addition to the property set apart to them by the trustee, said 40 acres of land in Blue Earth county, Minn. (particularly described in the order of the referee), as a homestead of said bankrupts under section 6957 of the general statutes of Minnesota of 1913 (section 3452, Rev. Laws 1905), which section reads in this way:

"Sec. 6957. The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined [not exceeding 80 acres, section 6958], shall constitute the homestead of such debtor and his family, and shall be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants."

The facts found by the referee from the testimony so taken by him are as follows:

"I find as a matter of fact that bankrupts in the month of August, 1911, temporarily removed from their homestead near Mankato, to Sheldon, Iowa, for business purposes; that said bankrupts intended to remain in Sheldon until such time as they might make enough money in the business of general merchandising to pay off the mortgage on their homestead and improve the same by building thereon. I find as a matter of law that said bankrupts oc-

cupied the said homestead within the meaning of actual occupancy of section 6963 of the Minnesota statutes of 1913 (section 3458, Rev. Laws 1905)."

The section of the Minnesota statutes referred to is as follows:

"Sec. 6963. The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in his hands. And he may remove therefrom without affecting such exemption, if he do not thereby abandon the same as his place of abode. But if he shall cease to occupy such homestead for more than six consecutive months he shall be deemed to have abandoned the same unless, within such period, he shall file with the register of deeds of the county in which it is situated a notice, executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as his homestead. But in no case shall the exemption continue more than five years after such filing, unless during some part of said term the premises shall have been occupied as the actual dwelling place of the debtor or his family."

From this order of the referee the trustee petitions for review upon the ground that the facts found by the referee are not sustained by the evidence taken by him, and that he erred in matter of law in setting apart to the bankrupts such property as their homestead. If the facts found by the referee are sufficiently supported by the evidence, it is not contended that there was error in setting apart to the bankrupts the homestead claimed by them.

[1] The rule in this jurisdiction is that a finding of fact upon conflicting testimony by a referee or master in chancery will not be disturbed by the court unless an obvious error has intervened, or some serious mistake has been made in considering the evidence. De Laval Separator Co. v. Iowa Dairy Separator Co., 194 Fed. 423, 425, 114 C. C. A. 385; Brandt v. United States, 198 Fed. 449, 453, 117 C. C. A. 208; Coder v. Arts, 152 Fed. 943, 946, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372.

[2] In this case the referee heard the testimony and has found as a fact that the bankrupts did not abandon their homestead when they went to Sheldon from near Mankato, Minn., within the meaning of section 6963 of the General Statutes of Minnesota. A careful consideration of the testimony convinces that this finding is not so without support therein as to warrant the court in disturbing it. In fact the finding and conclusion of the referee has much support in Jaenicke v. Fountain City Drill Co., 106 Minn. 442, 119 N. W. 60, construing this section upon similar facts.

The order of the referee should be and is approved, and the clerk will so certify to the referee. It is ordered accordingly.