## NORMAN D. GORDON v. EMERSON-BRANTINGHAM IMPLEMENT COMPANY.[1]

### July 30, 1926.

### No. 25,467.

**When homestead exemption ceases.**

    1. The owner may sell and convey his homestead without subjecting it to the lien of a judgment from which it was exempt in his hands and may remove therefrom without affecting the exemption if he does not thereby abandon the homestead as his place of abode. If he ceases to occupy the homestead and removes therefrom with no intention of returning, the right to the exemption comes to an end.

**What proof of abandonment required.**

    2. When homestead rights are acquired, they are presumed to continue until it is shown by clear and convincing evidence that they have been abandoned.

[1]Reported in 210 N. W. 87.

**Intention determined by conduct as well as words.**

3. The testimony of the owner that he left home in search of work, did not intend to abandon his homestead and intended to return at the expiration of the term of a lease he executed, is not conclusive. A man's intentions are not necessarily determined by his declarations; his conduct must be considered as well.

**Registration as voter elsewhere not conclusive, when.**

4. The fact that within six months after his removal from his homestead the owner registered as a voter in the city to which he removed does not establish conclusively that he had changed his place of residence, especially when it appears that the registration was induced by the belief that he had a right to vote at the place where he resided temporarily.

Homesteads, 29 C. J. p. 936 n. 52; p. 938 n. 61; p. 946 n. 82 New; p. 961 n. 53; p. 963 n. 92, 7, 7 New; p. 964 n. 19.

See 13 R. C. L. p. 613.
See 13 R. C. L. p. 649; 3 R. C. L. Supp. p. 69; 4 R. C. L. Supp. p. 825.

Action in the district court for Aitkin county to determine adverse claims. The case was tried before Stanton, J. One issue of fact was submitted to the jury. There were findings for the defendant and plaintiff appealed from the order denying his motion for judgment notwithstanding the verdict or a new trial. Reversed.

*Mead & Bryngelson* and *Beth Bryngelson*, for appellant.
*William Furst*, for respondent.

LEES, C.

In the year 1918 Albert C. McKenna acquired a homestead consisting of 80 acres of agricultural land in Aitkin county. He lived on the land with his wife and children until December 20, 1922. He was a carpenter, going at times from place to place to work at his trade. His children did most of the farm work, with some assistance from him. In November, 1922, McKenna went to Minneapolis in search of work. He found employment, leased some furnished rooms and on December 20th, the family came to Minneapolis and never returned to live on the farm, which was leased

to a neighbor, one room in the dwelling house being reserved for the storage of the family furniture. The term of the lease expired in October, 1923. On April 17, 1923, McKenna filed notice pursuant to G. S. 1923, § 8342, claiming the land as his homestead. On May 2, 1923, he conveyed the land to the plaintiff and two others, whose interests plaintiff has since acquired.

On December 16, 1922, defendant caused a judgment it had recovered against McKenna and another to be docketed in Aitkin county and claims a lien on the land by virtue of the judgment. Plaintiff is in possession and brought this action to determine defendant's adverse claim. The sole issue was whether the judgment became a lien on the land before plaintiff obtained title. The issue was submitted to a jury for a special finding. At the close of the evidence plaintiff asked for a directed verdict on the one issue in the case and excepted to the denial of the request. The jury found that on May 2, 1923, the land had ceased to be McKenna's homestead. Plaintiff has appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The principal assignment of error goes to the sufficiency of the evidence to support the finding of the jury. All the material testimony bearing on the question submitted was given by witnesses called by the plaintiff. There are no contradictions in the testimony. The query is whether, from all the evidence, a jury might properly draw the inference that McKenna intentionally abandoned his homestead before he conveyed the land to plaintiff.

The law applicable to the question is well settled. The owner may sell and convey his homestead without subjecting it to any judgment from which it was exempt in his hands and may remove therefrom without affecting the exemption, if he does not thereby abandon the homestead as his place of abode. If he ceases to occupy the homestead for more than six consecutive months, he is deemed to have abandoned it unless, within the period mentioned, he files the notice for which the statute provides. G. S. 1923, § 8342.

Plaintiff's counsel contend that, once a homestead is acquired, the exemption continues for six months after the owner ceases to

occupy the house as his dwelling place. Portions of certain opinions of this court are quoted to sustain the contention. The statute does not justify such a construction. If the owner ceases to occupy the homestead and removes therefrom with no intention of returning, the exemption ceases. It does not continue for six months thereafter.

In Donaldson v. Lamprey, 29 Minn. 18, 11 N. W. 119, it was held that, by removing from his homestead and acquiring a new homestead elsewhere, the owner's right of exemption to the first is lost. In Russell v. Speedy, 38 Minn. 303, 37 N. W. 340, the court construed Donaldson v. Lamprey as holding that by filing the statutory notice the homestead is not protected when actually abandoned.

In Clark v. Dewey, 71 Minn. 108, 73 N. W. 639, the court said that the owner's temporary absence from his homestead for purposes of business or pleasure does not constitute an abandonment, but that, if a person removes from and ceases to occupy his homestead, intending to abandon it permanently as his home or place of residence, the homestead right will not be preserved by filing the statutory notice. In substance this was repeated in Kramer v. Lamb, 84 Minn. 468, 87 N. W. 1024, followed by this language:

"But if the owner ceases to occupy the premises as a residence and removes therefrom with the intention of abandoning it, then, from the time of such vacation, regardless of the six months proviso, he loses his homestead exemption right."

In Jaenicke v. Fountain City Drill Co. 106 Minn. 442, 119 N. W. 60, the court said that a homestead right, where there is no actual abandonment thereof, is not lost although no notice is filed, unless the owner ceases to occupy the homestead for more than six consecutive months without filing the notice.

In view of the statute and the decisions construing its language, it must be held that, by removing from and permanently ceasing to occupy his homestead, the owner immediately loses the exemption right which the statute gives him.

But the right is a valuable one and, once a homestead is acquired, the exemption from the claim of creditors is presumed to continue

until it is shown by clear and convincing evidence that the right has been abandoned. Stewart v. Rhoades, 39 Minn. 193, 39 N. W. 141. It is to be noted that McKenna left his furniture in the house and did not remove it until after the sale was made, that he did not acquire a new homestead, and that the sale took place within six months after he moved to Minneapolis. He testified that he intended to return to the farm at the expiration of the lease in October, 1923; that he did not intend to abandon the premises as his homestead; and that his leaving was occasioned by his search for work. Of course this testimony is not conclusive. In Kramer v. Lamb, supra, the rule was thus stated: "A man's intentions are not necessarily fixed by what he may declare them to be. They are determined by his conduct."

In Repenn v. Davis, 72 Iowa, 548, 34 N. W. 326, the facts were somewhat similar to those in the case at bar. The owner left his homestead in quest of employment. Later his wife and daughter went away, leasing all of the house except one room, in which they stored the household goods. There was an absence of several years. The court said that the long absence might compel an inference of abandonment in the absence of the fact that possession of a portion of the house was retained and that this was sufficient to overcome the presumption of abandonment.

In Boot v. Brewster, 75 Iowa, 631, 36 N. W. 649, 9 Am. St. 515, in passing upon a homestead claim, the court said that when it appears that the homestead was left for the purpose of obtaining support for the family, an intent to abandon it permanently should not be inferred, but rather an intent to retain it.

McKenna testified that he registered as a voter in Minneapolis in the spring of 1923. The date of registration was not fixed definitely, but when asked whether it occurred in April, 1923, he answered in the affirmative. Much is made of this circumstance. Even if it had been unexplained, it would not be conclusive on the question of residence. Minn. Stoneware Co. v. McCrossen, 110 Wis. 316, 85 N. W. 1019, 84 Am. St. 927; Robinson v. Charleton, 104 Iowa, 296, 73 N. W. 616; Corey v. Schuster, Hingston & Co. 44 Neb. 269, 62 N. W. 470. But the circumstance was explained, for

McKenna testified that, when he registered, Minneapolis was his temporary residence and he supposed he had a right to vote there as long as he stayed there. Although he was mistaken as to this, the explanation was reasonable and entirely did away with the significance of his registration as a voter.

We are of the opinion that the court erred in denying plaintiff's motion for a new trial. The evidence, considered as a whole, fell short of showing clearly and convincingly that McKenna ever intended to abandon his homestead. None of the facts point to such an intention with any degree of certainty and, unless additional evidence that such was McKenna's intention is produced, it cannot be held that his homestead became subject to the lien of defendant's judgment.

The order is reversed and a new trial granted.