In re Linda C. THIESSE, Debtor.

Bankruptcy No. 3–94–0437.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

July 20, 1994.

**148**

Robert J. Wizenburg, Mankato, MN, for debtor.

Charles W. Ries, Mankato, MN, for trustee.

### MEMORANDUM ORDER

DENNIS D. O'BRIEN, Chief Judge.

This matter came on for hearing Tuesday, May 10, 1994 on motion for summary determination by Linda C. Thiesse ("Debtor") for the allowance of a claimed homestead exemption. Appearances are noted in the record. The Court, having received and considered arguments and memoranda of law of counsel, and being fully advised in the matter, now makes this **MEMORANDUM ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### *STATEMENT OF THE CASE*

The Debtor moved from her Minnesota homestead to Michigan in September, 1993, intending to eventually reside there permanently. She has not lived in her Minnesota home since that time. When the Debtor moved to Michigan, she intended to sell the Minnesota home, but only after she filed for bankruptcy and established the property exempt under Minnesota exemption statutes. The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 1, 1994, and claimed the Minnesota property exempt under Minn.Stat. §§ 510.01 and 510.07.

The Trustee objects to the exemption on the ground that the Debtor's prepetition removal from the property with the intention of not returning to live there constituted a legal abandonment of the homestead and loss of the exemption under Minnesota law. He

argues that the issue of abandonment presents a question of fact which requires an evidentiary hearing.

The Debtor argues that Minn.Stat. § 510.07 provides her an absolute right to remove from the Minnesota home for up to six months without the issue of abandonment arising from the removal, regardless of her intentions. Since the Debtor filed bankruptcy less than six months after she left for Michigan, her claimed homestead exemption should be allowed as a matter of law, she argues.

### *DISCUSSION*

Federal Rules of Civil Procedure ("Fed. R.Civ.P.") 56, as incorporated in the Federal Rules of Bankruptcy Procedure ("FRBP") 7056, outlines the standards for summary judgment. Fed.R.Civ.P. 56(c) states that:

... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"... [S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256, 106 S.Ct. at 2514. The moving party has the burden of showing the absence of genuine issue to any material fact, and materials presented by the moving party must be viewed in light most favorable to the nonmoving party. *Adickes v. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

This dispute is centered on the interpretation of Minn.Stat. §§ 510.01 and 510.07. Minn.Stat. § 510.01 states in pertinent part:

The house *owned and occupied* by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family.... (emphasis added).

Pursuant to Minn.Stat. § 510.07:

The owner may sell and convey the homestead without subjecting it, or the proceeds of such sale for the period of one year after sale, to any judgment or debt from which it was exempt in the owner's hands,.... *The owner may remove therefrom without affecting such exemption, if the owner does not thereby abandon the same as the place of abode. If the owner shall cease to occupy such homestead for more than six consecutive months the owner shall be deemed to have abandoned the same unless, within such period, the owner shall file with the county recorder of the county in which it is situated a notice,* executed, witnessed, and acknowledged as in the case of a deed, describing the premises and claiming the same as the owner's homestead.... (emphasis added).

Under the facts here, questions of occupancy and intentions are irrelevant in determining the Debtor's homestead rights in the property at filing.

Minn.Stat. § 510.07 provides the absolute right to an owner of homestead property to remove from the homestead for any reason up to six months without loss of homestead exemption status.[1] *See: Muscala v. Wirtjes,* 310 N.W.2d 696, 698 (Minn.1981), "The statute provides the method whereby homestead status may be retained regardless of the reason for the owner's nonoccupancy."; and, *Russell v. Speedy,* 38 Minn. 303, 37 N.W. 340, 341 (Minn.1888), "[t]he owner may remove therefrom, and sell and convey ... and we are of the opinion that for the term of six months after removal the right remains as perfect and complete as before. The immu-

nity from seizure or sale does not depend ... upon reoccupation, but is absolute for the period...." *See also: Stewart v. Rhoades,* 39 Minn. 193, 39 N.W. 141 (Minn.1888), preservation of homestead rights to property within six months after a destructive fire was not dependent upon intention to rebuild. Although these cases involved application of different versions of the statute, the relevant substance has not changed, and its historical construction has been consistent. *See: First Nat. Bank of Mankato v. Wilson,* 234 Minn. 160, 47 N.W.2d 764, 767–768 (Minn.1951).

As a matter of law, the Debtor did not lose her homestead rights through nonoccupancy, regardless of her intentions, and she did not "abandon" the homestead by her removal or otherwise. She is entitled to summary determination overruling the Trustee's objection to her claimed homestead exemption.

### DISPOSITION

Based upon the foregoing, it is **HEREBY ORDERED**:

1. Summary determination is made for the Debtor, Linda C. Thiesse.

2. The Debtor's claimed homestead exemption is allowed.

---

**1.** It is possible for an owner to abandon homestead exemption rights to property within six months after ceasing to occupy the premises. For instance, occupation and declaration of another homestead can constitute an abandonment and loss of homestead rights in the first property on the simple premise that one cannot have two homesteads at the same time. *See: Donaldson v. Lamprey,* 29 Minn. 18, 11 N.W. 119 (Minn.1881). But, in such instances, abandonment results from the act of declaration or renunciation, not from removal or subjective intention. Failure to occupy and intent to sell, do not constitute abandonment.