Charles W. RIES, Trustee of
the Bankruptcy Estate,
Appellant,

v.

Linda C. THIESSE, Appellee.

No. 94–4078.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1995.

Decided July 31, 1995.

Margaret Henrietta Culp, Mankato, MN,
argued, for appellant.

Robert John Winzenburg, Mankato, MN,
argued, for appellee.

Before BEAM, Circuit Judge, ROSS,
Senior Circuit Judge, and MURPHY, Circuit
Judge.

BEAM, Circuit Judge.

This appeal involves the application of
Minnesota's homestead exemption. The
bankruptcy court held that the debtor, Linda
C. Thiesse, was entitled to the exemption,
and the district court affirmed. We reverse
and remand.

## I. BACKGROUND

For many years, Thiesse owned and occu-
pied real property in Fairmont, Minnesota.
In September 1993, Thiesse left Minnesota,
apparently to help her fiancee settle in Mich-
igan. Five months later, Thiesse filed a vol-
untary petition for relief under Chapter 7 of
the Bankruptcy Code and claimed her
Minnesota property as a homestead exemp-
tion. The Trustee objected to the exemption
on the grounds that Thiesse had abandoned
the homestead.

Thiesse filed a motion for summary judg-
ment. The bankruptcy court granted the
motion, holding that Thiesse "did not lose her
homestead rights through nonoccupancy, re-
gardless of her intentions, and she did not
'abandon' the homestead." The Trustee ap-
pealed to the district court, which affirmed
the bankruptcy court without comment.
This appeal followed.

## II. DISCUSSION

Under Minnesota law, a debtor's home-
stead is exempt from seizure or forced sale.
Minn.Stat. § 510.01. The homestead exemp-
tion applies to the "house owned and occu-
pied by a debtor as the debtor's dwelling
place, together with the land upon which it is
situated." *Id.* The exemption does not re-
quire constant occupancy; the owner can
"remove" from the homestead without affect-
ing the exemption, if the owner does not
abandon the homestead as "the place of
abode." Minn.Stat. § 510.07.

The creditor must establish aban-
donment of the homestead by clear and con-
vincing evidence. *Vickery v. First Bank,* 368
N.W.2d 758, 763 (Minn.App.1985). " 'Aban-

donment of a homestead results when the owner removes therefrom and ceases to occupy the same, with the intention of never returning, or with no intention of returning thereto to reside.'"[1] *In re Hickman,* 222 Minn. 161, 23 N.W.2d 593, 597 (1946) (quoting *Bowers v. Norton,* 173 Minn. 576, 218 N.W. 108, 109 (1928)). *Accord Gordon v. Emerson–Brantingham Implement Co.,* 168 Minn. 336, 210 N.W. 87, 88 (1926); *Clark v. Dewey,* 71 Minn. 108, 73 N.W. 639, 640 (1898); *Williams v. Moody,* 35 Minn. 280, 28 N.W. 510, 511 (1886). This definition of abandonment requires a court to address whether the owner truly "ceased to occupy" the homestead and whether the owner had the requisite intent. *See Muscala v. Wirtjes,* 310 N.W.2d 696, 698 (1981).[2]

Given this background, we find the bankruptcy court's ruling unclear in two respects. First, it is unclear whether the court used the correct definition of abandonment; although the court cited several of the cases noted above, the court also stated in a footnote that "abandonment results from the act of declaration or renunciation, not from removal or subjective intention." Second, it is unclear how the court applied the definition of abandonment to the facts of this case; the court did not make specific findings as to either occupancy or intent. Rather than contribute to the confusion, we think the most prudent course would be to remand the case to the bankruptcy court for clarification.

### III. CONCLUSION

We reverse the decision of the bankruptcy court and remand the cause for further proceedings consistent with this opinion. At a minimum, the bankruptcy court should use the definition of abandonment from *In re*

---

1. Alternatively, abandonment results when the owner ceases to occupy the homestead for more than six months without filing the requisite notice. Minn.Stat. § 510.07. In the present case, Thiesse ceased to occupy her homestead, if at all, for less than six months. Therefore, notice is not at issue.

2. For cases focusing on cessation of occupancy, see *In re Lehman,* 44 B.R. 946, 948 (Bankr.

*Hickman, supra,* and should make specific findings as to occupancy and intent.

---

D.Minn.1984); *In re Joy,* 5 B.R. 681, 683–84 (Bankr.D.Minn.1980); *Millett v. Pearson,* 143 Minn. 187, 173 N.W. 411, 412 (1919); *Jaenicke v. Fountain City Drill Co.,* 106 Minn. 442, 119 N.W. 60, 61 (1909). For cases focusing on intent, see *Vickery v. First Bank,* 368 N.W.2d 758, 763–64 (Minn.App.1985); *Donaldson v. Lamprey,* 29 Minn. 18, 11 N.W. 119, 120–21 (1881).