THE SAVINGS BANK OF DECORAH v. KENNEDY.

1. **Homestead:** ABANDONMENT OF: WHAT CONSTITUTES. The fact that the head of the family went to another State for the purpose of establishing a new homestead, and became a resident of such State, will not operate as an abandonment of the original homestead, so long as the family remain in possession of the same. The homestead exemption is for the benefit of the family.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 6.

ACTION to establish the lien of a judgment upon certain premises. Prior to the 8th day of May, 1880, the premises

were owned by one Faust, and on that day, they were conveyed by him to the defendant. While Faust owned the premises, the plaintiff obtained against him the judgment in question. It did not, however, ·become at once a lien upon the premises, because they were occupied by Faust and family as a homestead. Whether it became a lien upon the premises at all, depends upon whether Faust abandoned them as a homestead, prior to the sale and conveyance thereof by him to Kennedy. The defense set up by Kennedy is, that Faust had not abandoned the premises at the time of the sale and conveyance to him. There was a decree for the defendant, and the plaintiff appeals.

*Willett & Willett* and *M. J. Carter*, for appellant.

*L. Bullis*, for appellee.

ADAMS, J.—In May, 1879, Faust was engaged in the practice of the law in the town of Ossian. He was residing with his family upon the premises in question, which consisted of a farm a short distance from the town. About that time he conceived the idea of removing to Dakota, and making a homestead claim upon government land. He went to Dakota, selected land for a homestead, and made due application therefor under the homestead act. Some months later he built a shanty and made other small improvements. The evidence tends strongly to show that the application was made in good faith, and that Faust intended from that time to remove his family to Dakota. He did not, however, remove them until the 23d day of May, 1880. In the meantime, the family, including Faust himself, much of the time, occupied the premises in question, and was so occupying them at the time of the sale and conveyance to the defendant.

1. HOMESTEAD: abandonment of: what constitutes.

The plaintiff contends that Faust became a resident of Dakota from the time he went there and formed the intention of making that territory his future home, and of not return-

ing to Iowa, except for the temporary purpose of winding up his business and removing his family. It contends further, that if such was the fact, Faust must be deemed to have abandoned his Iowa homestead at the time his legal residence was changed.

For the purposes of this opinion it may be conceded that Faust became a resident of Dakota in May, 1879. The question presented, then is, did such fact constitute an abandonment of his Iowa homestead? In our opinion it did not. The homestead exemption is for the benefit of the family. So long as the family desires to occupy the homestead, as such, and does actually occupy it, we think that the law designs that it shall be exempt. It may often happen that a little time must intervene after the head of a family has gone to another State with the design of removing there, and before it is possible for him to establish a new home. It would be a harsh rule to hold that the family cannot enjoy the exemption of their homestead during such time. The spirit of the statute is indicated by the provision that a conveyance of the homestead by the husband without the wife's signature is void. It seems clear, that his mere removal to another State with the design of returning only temporarily, should not destroy the exemption and open the way to an alienation.

The plaintiff relies upon *Leonard v. Ingram, ante,* p. 406, But in that case the family had removed; and it was found that the removal was designed to be permanent. Besides, it is expressly said in the opinion, that if the wife had remained in possession the homestead right would have continued. In our opinion the judgment of the court below must be

AFFIRMED.