ALEXANDER F. ROBERTSON *vs.* JAMES SULLIVAN and another.

November 8, 1883.

Homestead—Abandonment.—G. owned a homestead, and, while he and his wife (constituting the whole family) were residing thereon, in May, 1881, selected and made application for the entry of a tract of land under the United States homestead law, making the usual affidavit at the time of entry. In September he began to make improvements on the land, and in March, 1882, moved his office furniture and a bed into a house he had erected thereon, and, except for temporary absences, remained there up to the time of the trial of this action, in April, 1883. His wife was never upon the land until after he and she had conveyed

away the homestead, but up to that time continued to reside on the latter, refusing to leave it until after such conveyance. Both she and her husband, during the whole period of her residence upon the homestead, up to the time of the conveyance, constantly claimed the same as their statutory homestead. None of their furniture, except the office furniture and bed, was removed from it until after the conveyance. *Held*, that, until the conveyance, there was no abandonment of the homestead.

Plaintiff brought this action in the district court for Stearns county to restrain the defendant Mickley, sheriff of that county, from selling a certain described lot of land in that county upon which he had levied an execution issued on a judgment in favor of defendant Sullivan and against one Oscar E. Garrison, the plaintiff's grantor, the judgment having been docketed prior to the conveyance to plaintiff. The plaintiff prayed also that the judgment be declared to be not a lien upon the lot, etc., alleging that the lot, while owned by Garrison, was his homestead.

The action was tried by *McKelvy*, J., who found the facts as stated in the opinion, and ordered judgment for plaintiff, which was entered, and the defendants appealed.

*Taylor & Taylor*, for appellants.

The "homestead" must be "selected" by the owner, and "occupied" by him. *Kresin* v. *Mau*, 15 Minn. 87, (116.) Garrison "selected" and entered a homestead in Crow Wing county, in May, 1881. He could not have two homesteads or domiciles at the same time, and the acquisition of a new one at once terminates the former one. *Opinion of Judges*, 5 Met. 587. And a mere declaration may be sufficient to show his election between the two. *Lyman* v. *Fiske*, 17 Pick. 231. Garrison's declaration was by affidavit, and his proceedings to acquire a homestead under the act of congress were an abandonment of his right to a homestead elsewhere. *Donaldson* v. *Lamprey*, 29 Minn. 18; *Jarvais* v. *Moe*, 38 Wis. 440.

His wife has no homestead independent of her husband. He may select his home and change his residence, and it is his wife's duty to accompany him. *Babbitt* v. *Babbitt*, 69 Ill. 277; *Angier* v. *Angier*, 7 Phila. 305; *Hair* v. *Hair*, 10 Rich. (So. Car.) Eq. 163; *Brewer* v. *Linnaeus*, 36 Me. 428; *McAfee* v. *Kentucky University*, 7 Bush, (Ky.)

135; *Hairston* v. *Hairston,* 27 Miss. 704; *Greene* v. *Greene,* 11 Pick. 410. Mrs. Garrison's refusal to remove with her husband to his home in Crow Wing county can in no way defeat his right to select and choose his home there, nor could she, by such refusal, establish or retain a homestead on other land owned, but not occupied, by him.

*Calhoun & Morse,* for respondent.

BERRY, J. For ten years prior to June 5, 1882, one Garrison owned a lot in the city of St. Cloud containing less than one-quarter of an acre, together with the dwelling-house and out-buildings thereon. During all that time he (except as hereinafter stated) and his wife (the two comprising the whole family) continuously resided thereon. In May, 1881, under the United States homestead law, he selected, and made application for the entry of, a quarter-section of land in Crow Wing county, and at the time of entry made the usual affidavit that he took said homestead for the purpose of actual settlement and cultivation. In September following he began to make improvements on the land, and in March, 1882, moved his office furniture and a bed into a house he had erected thereon, and, except for temporary absences, remained there up to the time of the trial of this action, in April, 1883. Mrs. Garrison was never upon the Crow Wing county land until after June 5, 1882, always refusing to remove thereto or off of the St. Cloud property until after that date, and both she and her husband, during the entire ten years before mentioned, claimed that property as their homestead. None of the furniture of Garrison or his wife, except the office furniture and bed before mentioned, was removed from the St. Cloud house until after June 5, 1882. On that day Garrison and wife conveyed the lot to plaintiff. The question is whether, upon the foregoing facts, the St. Cloud homestead was abandoned on or before the 5th day of June, 1882, so as to become subject to the liens of judgments docketed against Garrison before the conveyance to plaintiff.

The court below thought not, and we agree with it. That the St. Cloud property was the legal homestead of the Garrisons is indisputable. If it was abandoned, it was because it was so removed from that it ceased to be the family home or dwelling-place. This would be the case if there were a removal in fact, with the intention, either

actual or implied by law, not to hold it as the family home or dwelling-place longer. There was no such removal in this instance. Notwithstanding Garrison's absence upon the Crow Wing county land, the St. Cloud property continued to be the family home and dwelling-place,—the furniture remaining there, and the wife remaining there, with a constant claim of both Garrison and wife that there was the homestead. This proposition is not affected by the fact (if it be one) that the federal government may have cause of complaint on account of the use made of the United States homestead law. It is, nevertheless, true that the St. Cloud property was all the while the actual family home and dwelling-place, and so claimed to be, and therefore our statutory homestead. *Savings Bank of Decorah* v. *Kennedy*, 58 Iowa, 454; and see *Leonard* v. *Ingraham*, Id. 406. *Donaldson* v. *Lamprey*, 29 Minn. 18, is readily distinguished from the case at bar by its facts.

This case suggests interesting questions as to whether a husband can abandon a homestead without the co-operation of his wife, and as to what would be the result if, he having selected a new domicile upon land which he might hold as a homestead, she should refuse to remove from the old one and take up her residence with him; (see *Drury* v. *Batchelder*, 11 Gray, 214;) but we are relieved from their consideration by the fact that here the husband made no attempt to abandon the St. Cloud homestead, and the further fact that the wife remained upon it with his active consent, as inferable from the fact that he as well as she continued to claim it as a homestead; that is to say, as the family home or dwelling-place.

Judgment affirmed.