CASE 99—PETITION EQUITY—MAY 28.

# Carroll, Etc. v. Dawson, Etc.

APPEAL FROM BULLITT CIRCUIT COURT.

1. HOMESTEAD—FRAUDULENT CONVEYANCE.—The conveyance of an exempt homestead by a debtor is not fraudulent as to his creditors.

2. HOMESTEAD—ABANDONMENT.—A debtor who leaves this state and goes to another state intending to locate there if the outlook is favorable, and who leaves his wife and children in possession of his homestead, and has not permanently taken or acquired a residence in such other state, has not abandoned his homestead.

J. F. COMBS FOR APPELLANT.

1. There must be an actual abandonment of the homestead by the debtor and his family, without any intention of returning to it; and the abandonment is not consummated until the homestead is actually vacated by him and his family. Gregory v. Oats, 92

Ky., 536; Brown v. Martin, 4 Bush, 47; Carter, Fisher & Co. v. Goodman, 11 Bush, 228.

2. The intention to remove without a completion of the act, is not a sufficient abandonment. Story on Conflict of Laws, sec. 47; State v. Hallett, 8 Ala., 159; Talmage v. Talmage, 66 Ala., 199; Glover v. Glover, 18 Ala., 367; Littlefield v. Brooks, 5 Me., 479; Savings Bank v. Kennedy, 58 Iowa, 454; Hemphill v. Haas, Lyons & Co., 88 Ky., 495.

CHARLES CARROLL on same side.

1. Before a housekeeper can be deprived of his homestead there must be a fixed purpose to permanently abandon the same, and that purpose must be consummated by leaving with the fixed intention not to return, and by either making a permanent home elsewhere, or remaining away such length of time as to indicate a permanent abandonment.

NAT. W. HALSTEAD for appellees.

1. The abandonment of a homestead will not be considered temporary unless there is a fixed purpose at the time to return to said property and keep it as a homestead. Fisher & Co. v. Goodman, 11 Bush, 228; Birch v. Atchison, 6 Ky. Law Rep., 84; Nethercut v. Heron, 10 Ky. Law Rep., 247; Mattingly & Co. v. Berry, 15 Ky. Law Rep., 288.

JUDGE WHITE delivered the opinion of the court:

The appellees being creditors of appellant, Chas. Carroll, brought this action in equity to have a deed to the wife, made March 22, 1894, declared void as to them, alleging that it was voluntary and fraudulent as to creditors. The answer admits that the deed was voluntary to the wife, but pleads that it was not fraudulent for the reason that the property conveyed was the homestead of appellant at the date of the deed. The reply denied that the property was at the time of the deed a homestead of appellant.

[47]

This is the sole question presented, for it is well settled that if at the date of the deed, the property was the homestead of appellant he had a perfect right to deed it to his wife.

Appellees admit that the property was up to March 17, 1894, the homestead of appellant, but that before the deed, March 22, 1894, he abandoned the same and was at the date of the deed a resident citizen of the territory of Oklahoma.

The circuit court adjudged that the property was not the homestead of appellant, and that therefore the deed was fraudulent and void, being admittedly voluntary.

The facts as proven are that appellant purchased the house and lot, for such the property was, in June, 1890, and that very shortly thereafter he moved into it and occupied the same as a homestead on up till March, 1894. In March appellant Chas. Carroll expressed his intention to leave Shepherdsville and go West or Northwest, and there follow his profession, the law.

He disposed of his library, tried to sell his business, but failed and made arrangements to have it attended to for a part of the fees. He also expressed his intention of locating at Perry, Oklahoma, if the outlook was favorable. March 17, 1894 he left home, leaving his wife and children occupying the premises, and went direct to Perry, Oklahoma. On March 22, 1894, five days after leaving, the deed was made to the wife, appellant Chas. Carroll, being then in Perry, however, reciting in the deed that he is temporarily absent from Kentucky and may so remain for some time, etc.

On April 13, 1894, an execution which had been assigned to appellees as sureties, was levied on the house and lot in question by the sheriff, but the levy was released by the sheriff May 1, 1894, because of a failure of appellees to execute bond of indemnity, and then the execution was returned, no property found. This action was brought May 2, 1894, seeking to have the deed declared void. During all this time since the purchase in 1890 up till after the institution of this action, and probably till in August, 1894, the wife, Ida Carroll occupied the house and lot as a homestead. The property is worth less than $1,000 and appellants had no other home. In August, 1894, Ida Carroll moved with her children from Kentucky to Perry, Oklahoma, and she and her husband remained there till the spring of 1895.

Chas. Carroll in November, 1894, gave his deposition in this case and therein he states he is a resident of Perry, Oklahoma, and is engaged in practicing law there, and had been there since March, 1894. He says he went there to see how he liked the place and intended, if it suited him, to remove there and locate. That in May, 1894, he concluded he could do well and began the practice of law, and wrote his family to come—which they did.

While there is some question as to the intention of Chas. Carroll when he left Kentucky, March 17, 1894, there is none that his wife and family continued to occupy the home place till as late as August, of that year, although he was in Perry, O. T.

Did this constitute an abandonment of the homestead, as of date of March 22, 1894, the date of the deeds?

This phase of the question of abandonment of a home-stead seems never to have been adjudicated by this court,

In the case of Savings Bank v. Kennedy, 58 Iowa, 454, the supreme court of Iowa had a case very similiar in facts to the case at bar, where one Faust, a lawyer residing in Iowa in May, 1879 conceived the idea of removing perma-nently to the territory of Dakota, and went there, leav-ing his family residing on the homestead in Iowa, and they remained there till May, 1880, when the homestead was conveyed.    The Savings Bank sought to subject the homestead to their judgment debt, which the court re-fused to do, saying: "For the purposes of this opinion it may conceded that Faust became a resident of Dakota in May, 1879. The question presented, then is, did such fact constitute an abandonment of his Iowa homestead? In our opinion it did not.  The homestead exemption is for the benefit of the family.  So long as the family de-sires to occupy it we think that the law designs that it shall be exempt.  It may often happen that a little time must intervene after the head of a family has gone to another State with the design of removing there, and before it is possible for him to establish a new home. It would be a harsh rule to hold that the family can not enjoy the exemption of their homestead during such time. The spirit of the statute is indicated by the provision, that a conveyance of the homestead by the husband with-out the wife's signature is void.  It seems clear, that his mere removal to another State with the design of return-ing only temporarily, should not destroy the exemption, and open the way to an alienation."

In the case of Hemphill v. Haas, Lyons & Co., 88Ky., 492, this court by Chief Justice Lewis, said:

"The homestead exemption was manifestly intended by the legislature, as well for the protection and benefit of the wife and infant children, as of the husband, and she has an interest or estate in the homestead, that not only survives to her after his death, but that can not be mortgaged, released or waived by him without her consent expressed in the solemn form required to divest her of the absolute title."

The proof in this case does not show that on March 22, 1894, appellant had permanently taken or acquired a residence in Oklahoma, and we are of the opinion that the homestead in Kentucky was not abandoned when the deed was made.

It is a well-settled doctrine that when a domicil has been acquired, it is not lost until a new one is actually gained, *facto et animo.*

The family actually resided on this homestead when the deed was made, and the husband while having expressed his intention to leave Kentucky, is not shown to have, in truth and fact, gained a domicil in Oklahoma,

The homestead not having been abandoned, the deed to the wife was not fraudulent.

For the errors indicated, the judgment is reversed and cause remanded with directions to dismiss the petition of appellees absolutely.