## JAMES M. MILLETT v. C. A. PEARSON.[1]

### June 27, 1919.

### No. 21,311.

**Homestead — evidence.**

> On March 16, 1916, O was the owner of and occupied the premises in question with his wife, as their homestead. On that day he shot and killed his wife, and was immediately arrested and lodged in jail where he remained until June, when he was convicted and sentenced to the state prison for life. *Held*, that said premises continued to be his homestead until he conveyed the same to plaintiff in May, 1916.

Action in the district court for Dakota county to restrain defendant from selling certain premises by virtue of a judgment and execution thereon. The answer set up the recovery by defendant on March 23, 1916, of the judgment described in the second paragraph of the opinion, the levy of execution, and alleged that on May 5, 1916, and for a long time prior thereto, the premises were not occupied by John Ostapchuk or any member of his family as a dwelling place; that prior to that date he had terminated his business at South St. Paul, disposed of his house-hold goods and effects and removed from said premises with the inten-tion of abandoning the same as a dwelling place for himself and family with the intention of not returning thereto; and that more than six con-secutive months had elapsed since his removal. The case was tried be-fore Converse, J., who made findings and as conclusions of law found that plaintiff was not entitled to recover; that his rights were inferior to the right of defendant and that the action should be dismissed. From an order denying his motion to amend the findings and conclusions or for a new trial, plaintiff appealed. Reversed.

*J. M. Millett*, pro se.

*F. I. Bright*, for respondent.

[1]Reported in 173 N. W. 411.

QUINN, J.

The plaintiff brings this action to restrain the defendant from proceeding with the sale of the premises in question under an execution on a judgment against plaintiff's grantor, John Ostapchuk. The trial court, after hearing the testimony, found for the defendant and denied the injunction. From an order denying his alternative motion for an order amending the findings or for a new trial, plaintiff appeals.

In its decision the trial court found in substance, that during the month of March, 1916, Ostapchuk was the owner in fee of the premises in question, and that on and prior to the sixteenth day of said month he occupied the same with his wife as their homestead; that on that day Ostapchuk shot and killed his wife; that he was immediately arrested and incarcerated in the county jail and there kept until June 2, 1916, when he was tried, convicted of murder and sentenced to imprisonment in the Minnesota State Prison for the rest of his natural life, and has never since, in any way, occupied or resided upon the premises in question; that on March 23, 1916, the defendant recovered a judgment for $64.87 against Ostapchuk, a transcript of which was duly filed and docketed on March 28, 1916, in the office of the clerk of the district court of the county in which the premises were situated; that on May 5, 1916, Ostapchuk executed to the plaintiff a warranty deed of said property, which was duly recorded in the office of the register of deeds on June 3, 1916; that the defendant, claiming said judgment to be a lien upon the premises, caused an execution thereon to be issued and placed in the hands of the sheriff of the county; that the sheriff levied upon said premises under the execution and was proceeding to sell the same when the plaintiff brought this action to restrain him from so doing. Then follows paragraph 6 of the findings, which reads as follows:

"That prior to the execution of said deed, and prior to the recording of same, the said John Ostapchuk had wholly abandoned said property as his homestead, and said property had ceased to be his homestead, and all homestead rights therein had become divested."

It is the contention of the appellant that the trial court erred in denying his motion to strike out all of paragraph 6 of the findings of fact, for the reason that such finding is a mere conclusion of law; that it is not a finding of any issuable fact and is not supported by the evidence.

We do not think the conclusion arrived at and expressed in paragraph 6 of the trial court's findings is warranted either by the testimony or the specific facts found in the case. In paragraph 1 of its findings the court finds: "That during the month of March, 1916, one John Ostapchuk was the owner in fee simple of the following described real estate, to-wit: * * * and that prior to the 16th day of said month the said premises were occupied by himself and wife as their homestead, and was in fact their homestead." And in its memorandum attached to its decision it is stated: "The controlling question here is, was the property in question the homestead of John Ostapchuk up to the time he conveyed it to the plaintiff in May, 1916, or had he previously abandoned it? It was his homestead at the time of his wife's death in March of that year." Were the premises the home of John Ostapchuk on the fifth day of May, 1916, at the time he conveyed them to the plaintiff? If they were, the defendant's judgment did not become a lien thereon and the plaintiff obtained title under the deed. The premises were his homestead on March 16. On that day he was arrested and detained in the county jail until his conviction in June, when he was sentenced and taken to the state prison where he has since been confined.

As a general rule of law persons under legal disability or restraint or persons in want of freedom are incapable of losing or gaining a residence by acts performed by them under the control of others. There must be an exercise of volition by persons free from restraint and capable of acting for themselves in order to acquire or lose a residence. A person imprisoned under operation of law does not thereby change his residence. Town of Freeport v. Board of Supervisors, 41 Ill. 495; Clark v. Robinson, 88 Ill. 498; Barton v. Barton, 74 Ga. 761; Grant v. Dalliber, 11 Conn. 233.

There was no proof of any act on the part of Ostapchuk, subsequent to the death of his wife, from which a presumption can be drawn that he intended an abandonment of his homestead. His absence therefrom while under detention in the county jail raises no such presumption. To constitute an abandonment there must be an actual removal from the premises. An intention to remove is insufficient. Robertson v. Sullivan, 31 Minn. 197, 17 N. W. 336. The premises in question was the homestead of Ostapchuk at the time of his arrest, and remained his legal

abode until he conveyed the same to the plaintiff, notwithstanding his detention in jail. In Grant v. Dalliber, supra, A was sentenced to the state prison for four years. During his detention in prison B attached his real estate, leaving copies at his dwelling house as his usual place of abode. B obtained judgment against A, and caused the real property attached to be sold upon execution. In an action of ejectment afterwards brought by A against B for the premises, it was held that the usual place of abode of A, during his imprisonment, was at such dwelling house, such usual place of abode not being changed or abandoned by a constrained removal.

In the present case it is conclusively established that Ostapchuk was occupying the premises with his wife as their homestead at the time of her death. Nothing having occurred thereafter to indicate a purpose on his part to abandon the homestead, it is held, that the premises continued to be his homestead until the conveyance thereof to the plaintiff, and that defendant's judgment did not become a lien thereon.

Reversed.