## WILLIAM BOWERS AND ANOTHER v. DELIA P. NORTON AND OTHERS.[1]

February 17, 1928.

No. 26,568.

**Abandonment of homestead.**
1. Where husband and wife occupy a homestead owned by the wife, no abandonment of the wife's homestead results from the fact that the husband makes a lease thereof to a third party, not joined in or authorized by the wife.

There is no abandonment of a homestead until the owner removes therefrom and ceases to occupy same as his home. Intention to remove therefrom at some future time is not sufficient.

**Homestead law not modified by 1921 act.**
2. The fraudulent conveyance act, L. 1921, c. 415, did not modify or repeal any part of the homestead law.

Homesteads, 29 C. J. p. 789 n. 7; p. 943 n. 23; p. 951 n. 63.

See 13 R. C. L. 647; 3 R. C. L. Supp. 69; 4 R. C. L. Supp. 825; 5 R. C. L. Supp. 705.

Plaintiffs appealed from an order of the district court for Dodge county, Senn, J. denying their motion for a new trial. Affirmed.

*H. J. Edison,* for appellants.

*N. J. Nelson* and *F. G. Sasse,* for respondents.

OLSEN, C.

Plaintiffs appeal from an order denying their motion for a new trial.

The action is one to set aside as fraudulent as against creditors the deeds hereinafter mentioned. Defendants Delia P. Norton and George A. Norton were and are wife and husband. For many years and up to the time of the conveyances in question the wife was the owner of a farm of 185 acres in Dodge county, this state. The hus-

[1]Reported in 218 N. W. 108.

band and wife resided upon this farm in the dwelling house thereon from October, 1923, until October, 1925. It was their home and the 80 acres upon which the buildings were located was their statutory homestead. On October 5, 1925, the homestead 80 acres was conveyed to the husband, by being conveyed by the wife and husband to one Curtis and by Curtis and wife to George A. Norton. Each deed stated a consideration of one dollar and was duly recorded the next day. These are the two deeds sought to be set aside.

On October 9, 1925, the Nortons removed from the farm. In the meantime, on September 16, 1925, the husband, George A. Norton, entered into a written contract with one Hindal for the occupation and farming of the entire farm for the year commencing October 1, 1925. Delia P. Norton did not join in this farm contract. Under the contract some stock was to be left on the farm by George A. Norton for the use of the tenant. Hindal commenced to care for this stock on the farm on October 1, but did not move onto or occupy the farm until October 16. A load of wood was hauled from the farm prior to October 9 to the place owned by George A. Norton in the village of Mantorville, to which place the Nortons intended to move; but they continued to occupy and reside on the farm until October 9, and none of their furniture or other belongings were moved until that date.

Delia P. Norton was indebted to the plaintiffs in the sum of $6,566 on and prior to the 5th day of October, 1925, and this indebtedness was reduced to judgment in July, 1926.

The trial court found that the 80-acre tract conveyed was the statutory homestead of the Nortons at the time the deeds in question were made and that therefore there was no fraud as to creditors, and denied any relief to plaintiffs.

1. Conceding, without so deciding, that the conveyances were not supported by a fair consideration and would be fraudulent as to creditors under the fraudulent conveyance act, G. S. 1923, §§ 8475-8489, unless protected. by the homestead law, G. S. 1923, §§ 8336-8344, we reach the questions presented by this appeal.

It is contended that the Nortons abandoned and terminated their homestead rights in this land prior to October 5, 1925; that by rea-

son of the facts that George A. Norton made the farm contract with Hindal in September, the term thereof to commence October 1, that Hindal commenced to care for the stock on the farm on that date, and that the Nortons intended to and did remove from the farm on October 9, therefore they abandoned and terminated their homestead rights as of October 1. The trial court found against the plaintiffs on this issue, and there is evidence to reasonably sustain such finding. Delia P. Norton was not a party to the farm contract, and the evidence discloses no word or act on her part, prior to the giving of these deeds, which would sustain any finding of estoppel, ratification or adoption of the farm contract. Her knowledge of the fact that Hindal was caring for the stock, or her mere silence for the five days, would not justify such finding here. At the time the deeds were given she stood in the same position as if no farm contract existed.

Abandonment of a homestead results when the owner removes therefrom and ceases to occupy the same, with the intention of never returning or with no intention of returning thereto to reside. An intention to remove permanently from the homestead at a future time does not constitute abandonment until the removal takes place and dates only from the time of removal. Occupancy by the owner is the primary requirement, and the intention of the owner only becomes material when occupancy ceases. Ownership and occupancy are the tests prescribed by the homestead law, G. S. 1923, § 8336. By § 8342 the owner may sell the homestead without subjecting it to judgments or debts, and the proceeds of the sale are exempt for one year.

In Robertson v. Sullivan, 31 Minn. 197, 17 N. W. 336, it is held that there is an abandonment when there is a removal in fact, with the intention, either actual or implied, not to hold it as the family home or dwelling place any longer. In Millett v. Pearson, 143 Minn. 187, 173 N. W. 411, 5 A. L. R. 256, the court says: "To constitute an abandonment there must be an actual removal from the premises. An intention to remove is insufficient." It is the rule here that abandonment of a homestead must be proved by clear and convincing evidence. The courts recognize the beneficial purpose

of the homestead law and will not find an abandonment of a homestead except upon clear and convincing evidence. Stewart v. Rhoades, 39 Minn. 193, 39 N. W. 141; Gordon v. Emerson-Brantingham I. Co. 168 Minn. 336, 210 N. W. 87; Eberhart v. National Cit. Bank, 172 Minn. 200, 214 N. W. 793.

A finding of abandonment of this homestead by Mrs. Norton, at any time prior to the conveyance thereof to her husband, could hardly be sustained.

2. Plaintiffs contend that the fraudulent conveyance act of 1921, G. S. 1923, §§ 8475-8489, and especially § 8478 thereof, is inconsistent with and should be held to modify or repeal the homestead law so far as fraudulent conveyances are concerned. There is no express repeal and, by referring to §§ 8475, 8476, defining "assets" and "insolvency," it appears that exempt property is not included in the assets or in the computation to determine insolvency. It is quite apparent that the term "conveyance" used in § 8478 has reference to conveyances of property defined as "assets" in the prior section, and does not apply to a conveyance of a homestead which is no part of the assets of the insolvent. Hence the act is not in conflict with the homestead law.

The fraudulent conveyance act expressly repeals two sections of the prior law on that subject. If the legislature had intended to modify or repeal any part of so important a law as that governing homesteads, it would have expressly so stated.

The findings of fact by the trial court are sustained by the evidence, and there was no error in denying the motion for a new trial.

Order affirmed.