WILLIAM AND BESSIE BOWERS v. DELIA P. NORTON
AND OTHERS.[1]

November 23, 1928.

No. 26,918.

**Judgment creditor of mortgagor is not entitled to control order of sale on foreclosure of mortgage when mortgagor has conveyed her homestead.**

Where the owner gives a mortgage upon an entire tract of land and thereafter conveys away a part thereof, one who obtains a judgment lien upon the part retained by the mortgagor only has no such equity or right as to entitle him to control a sale of the premises upon foreclosure of the mortgage and require that the tract conveyed away be first sold, or that the entire mortgaged tract be sold as one parcel.

Action in the district court for Dodge county to restrain defendants Trustees of Pillsbury Academy, their attorneys, and the sheriff of Dodge county from selling at foreclosure sale, in separate tracts and as demanded by defendants Norton, the mortgagors, certain land owned by them. Defendants separately demurred to the complaint, and plaintiffs appealed from an order, Senn, J. sustaining the demurrers. Affirmed.

*H. J. Edison,* for appellants.

*F. G. Sasse, R. A. Dunnette* and *N. J. Nelson,* for respondents Norton.

*Sawyer, Gausewitz & Lord,* for respondents Trustees, L. H. Stubbe, and pro se.

[1]Reported in 222 N W. 71.

Olsen, C.

Appeal by plaintiffs from an order sustaining demurrers to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The facts, as alleged in the complaint and presented by the record, are substantially as follows:

On June 7, 1923, the defendant Delia P. Norton was the owner of 157 acres of land in Dodge county, this state, 80 acres of which was then, and thereafter continued to be, her statutory homestead, until conveyed as hereinafter shown. On the date stated, she mortgaged the land for $6,000, her husband, George A. Norton, joining therein. The mortgage was given to a bank and afterwards assigned to Trustees of Pillsbury Academy. On July 24, 1925, the plaintiffs caused a writ of attachment to be levied upon the entire tract in an action brought by them against Delia P. Norton and her husband, George A. Norton, for the recovery of money. On October 5, 1925, the 80-acre homestead was conveyed by Delia P. Norton, by mesne conveyances, to her husband, George A. Norton. These conveyances have been upheld by the court and held to convey the 80 acres free from any lien or claim of these plaintiffs. Bowers v. Norton, 173 Minn. 576, 218 N. W. 108. On July 3, 1926, plaintiffs obtained judgment in the action before mentioned, but against Delia P. Norton only, for some $6,500. This judgment remains unpaid, except a small sum paid thereon. The attachment and this judgment never became a lien upon the 80-acre homestead, but did become a lien on the remaining 77 acres. George A. Norton has not resided upon this 80 acres since long prior to the commencement of this action, and it was not at the time of the commencement of this action and is not now his homestead.

On January 12, 1928, the Trustees of Pillsbury Academy commenced proceedings to foreclose their mortgage by advertisement under the statute. On February 28, 1928, the Nortons caused to be served upon these trustees, their attorneys, and the sheriff of Dodge county a notice requesting and requiring that in the mortgage foreclosure proceeding the land mortgaged be sold in two

separate tracts; that the 77 acres, which remained the property of Delia P. Norton and was not conveyed to George A. Norton, be sold first; and that the 80 acres conveyed to him be sold last and only for the deficiency in case the 77 acres did not sell for an amount sufficient to pay the mortgage and foreclosure costs. It is further alleged that the value of the 77 acres upon which plaintiffs have a lien under their judgment does not exceed $4,200, and that the value of the 80 acres conveyed, included in the mortgage but upon which plaintiffs have no lien, is $10,000; that Delia P. Norton is insolvent; and that a sale of the property in foreclosure proceedings in separate tracts in the manner demanded by the Nortons will result in injury and injustice to plaintiffs. The relief asked is that the Trustees of Pillsbury Academy, their attorneys and the sheriff, be restrained from selling the mortgaged lands in the foreclosure proceedings in separate tracts as demanded by the Nortons; and that they be required to offer for sale and sell first the 80 acres owned by George A. Norton, or to sell the whole of the land in one tract.

Whether any foreclosure sale has been made does not appear from the record. It appears from the court's memorandum that in some action by the Nortons a restraining order was issued to the trustees, their attorneys and the sheriff, requiring them to sell the 77-acre tract first and the 80-acre tract next, or that the sale be continued until there was a determination of the question by the court.

Does the complaint state a cause of action? George A. Norton received title to the 80-acre tract free and clear from the attachment and judgment of these plaintiffs. As between him and the trustees he stands in the position of a subsequent purchaser from the mortgagor of part of the real estate mortgaged, the other part of the land being retained by the mortgagor. The general rule is that subsequent purchasers of mortgaged real estate have the right to have such real estate sold on foreclosure sale in the inverse order of alienation. If the mortgagor sells one part and retains another, the purchaser has the right to have the part retained by the mortgagor sold first. Johnson v. Williams, 4 Minn. 183 (260);

Clark v. Kraker, 51 Minn. 444, 53 N. W. 706; Howard v. Burns, 73 Minn. 356, 76 N. W. 202. The rule is clearly stated in 41 C. J. p. 763, § 844:

"Where an owner of mortgaged property sells and conveys a part of it, the portion which he retains, in the absence of evidence of an intention of the parties to the contrary, becomes primarily liable for the whole of the mortgage debt, as between himself and his grantee, so that, on a foreclosure of the mortgage, the grantee has an equity to require that the part remaining in the mortgagor shall be first sold under the mortgage. * * * A covenant of warranty in the deed to the purchaser is not necessary for his protection under the rule."

The rights of George A. Norton, as against the trustees, are only incidentally involved here. The question is: What rights, if any, have these plaintiffs as against the trustees and Norton to control or direct the order in which the mortgaged premises shall be sold? Plaintiffs and the trustees are creditors of Delia P. Norton. The trustees, in addition to their lien upon a tract of land owned by her, have a lien upon a tract formerly owned by her but conveyed away since the giving of the mortgage. Plaintiffs have no lien upon the tract conveyed. Any rights they may have must be sought in the rules of law governing the marshaling of assets. These rules ordinarily apply only to creditors of a common debtor to whom both funds or securities belong. Merchants Nat. Bank v. Stanton, 55 Minn. 211, 56 N. W. 821, 43 A. S. R. 491; 4 Dunnell, Minn. Dig. (2 ed.) § 5798; 38 C. J. p. 1365. The equitable right of a purchaser to have mortgaged property sold in the inverse order of alienation is distiguishable from the right to marshal assets, and is said to be a stronger right or equity. 38 C. J. p. 1366. We find nothing alleged in the complaint to take the case out of these rules.

Again, the right to marshal assets is a matter of equity and is governed by equitable principles. The doctrine will be applied only when it can be done with justice to the creditor and his debtor and without prejudice to third persons. To permit plaintiffs here to require a sale of the tract conveyed before resorting to that re-

tained by the mortgagor, or the sale of the entire property mortgaged as one tract, would be to permit them to do indirectly what they cannot do directly, that is, subject to the payment of their judgment a tract of land upon which they have no lien or claim. It would at the same time result in prejudice to a third party against whom they have no judgment or claim.

. Order affirmed.