### In re David Paul SIKKINK and Mary Ann Sikkink, Debtors.

### Bankruptcy No. 3–85–735.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 25, 1986.

Sheridan Buckley, St. Paul, Minn., for debtors.

Jerrold Bergfalk, Minneapolis, Minn., for Farmers & Merchants Bank of Preston.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court upon the objection of the trustee and Farmers and Merchants Bank of Preston ("the bank") to property claimed exempt by debtors. Sheridan Buckley, attorney, appeared on behalf of debtors. Timothy Moratzka, attorney, appeared by filing his objection. Jerrold Bergfalk, attorney, appeared on behalf of the bank.

Since approximately 1975, debtors have operated a farm on two parcels of land, both of which are being purchased under two separate contracts for deed. Parcel 1, consisting of 80 acres, is being purchased by debtors under a contract for deed from Van Sande and Jones. Parcel 3, consisting of 160 acres, is being purchased by debtors under a contract for deed from Fay and Cleo Sikkink.

Debtors filed the above-captioned Chapter 7 bankruptcy proceeding on April 4, 1985. At all times prior to April 3, 1985, debtors and their children occupied the dwelling house located on Parcel 3. Debtor's parents occupied the dwelling house on Parcel 1 pursuant to a mutual family agreement between debtor and his parents to allow them to reside there "for life." On the evening of April 3, 1985, debtor and his family "moved" from the dwelling located on Parcel 3 to the dwelling located on Parcel 1. Simultaneously, debtor's parents "moved" from the dwelling place on Parcel 1 to the dwelling place located on Parcel 3.

On April 4, 1985, the date of filing their petition, debtors invited 10 members of the community to attend a "house warming party" for the purpose of giving witness to their "selection" of Parcel 1 as their homestead. At the time debtors "moved" to the dwelling located on Parcel 1, they took only minimal food, bedclothes, and clothing with them. On or about April 5, 1985, debtors returned to the dwelling place located on Parcel 3 since the dwelling place on Parcel 3 is larger and more suited to debtors' needs. Debtor has stated, however, that he intends to occupy the dwelling place located on Parcel 1 at some time in the future.

On Schedule B–4 of their petition, debtors claimed Parcel 1 as their homestead and thus exempt pursuant to M.S.A. § 510.-01. Both the bank and the trustee have objected to debtors' claiming of Parcel 1 as exempt under the Minnesota Homestead Exemption Statute.

Since the codification of the bankruptcy laws by the Bankruptcy Reform Act of 1978, this court has been increasingly called upon to construe and apply state law during the course of a bankruptcy proceeding. The issue now presented to this court concerns strictly state law questions which are substantive in nature, and therefore this court must look to Minnesota law for guidance. In doing so, this court will strictly construe the law in Minnesota as to what constitutes a homestead under M.S.A. § 510.01.

M.S.A. § 510.01 provides as follows:

The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants.

The issue to be determined by this court is whether or not debtors *owned and occupied* the dwelling place located on Parcel 1 within the meaning of M.S.A. § 510.01 at the time of the filing of their Chapter 7 petition. It is not disputed that debtors are purchasing the property under a contract

for deed and therefore "own" the property for the purpose of claiming a homestead exemption under Minnesota law. See *Denzer v. Prendergast*, 267 Minn. 212, 126 N.W.2d 440 (Minn.S.Ct.1964).

Debtors contend that the date for determination of exemption rights is the time of the filing of the petition, which in this case was April 4, 1985, and that since debtors were occupying the premises located on Parcel 1 at the time they filed the petition on April 4, 1985 they have met the other requirement under M.S.A. § 510.01.

Debtors further argue that it is immaterial whether they occupied the premises located on Parcel 1 after the date of bankruptcy. Their argument is unpersuasive to this court. In *Clark v. Dewey*, 71 Minn. 108, 73 N.W. 639 (Minn.S.Ct.1898) the court stated, "Actual occupancy, as distinguished from mere possession (which may be constructive), is the prominent idea associated with the word 'homestead.' Of course, the term 'actual occupancy' must receive a reasonable construction, and is not to be understood as requiring constant personal presence, so as to make a man's residence his prison ... but, even with this reasonable construction there must be actual and continued operation of and residence upon the premises in order to constitute a homestead, except so far as occupancy is expressly dispensed with by the statute." Intent to return to premises in the future, however, does not comport with the requirements and standards of *Clark v. Dewey*. Although at the time the petition was filed debtors were "occupying" the dwelling place located on Parcel 1, this court is satisfied, upon examination of the evidence before it, that their presence on Parcel 1 did not constitute "actual occupancy" within the meaning of M.S.A. § 510.01.

In *Tillotson v. Millard*, 7 Minn. 513 (Minn.S.Ct.1862), the court stated that the word "homestead" is used in this statute (M.S.A. § 510.01) in its ordinary and popular sense to designate a dwelling place used and occupied as a home for its owner and his family if he has one. The court further stated that the homestead must be the place of *actual residence*.

■ The court further points out that in order for debtors to claim Parcel 1 as their homestead, they must have effectively "abandoned" their prior homestead located on Parcel 3. The Minnesota court in *Bowers v. Norton*, 173 Minn. 576, 218 N.W. 108 (1928) stated that, "Abandonment of a homestead results when the owner removes therefrom and ceases to occupy the same, with the intention of never returning or with no intention of returning thereto to reside. An intention to remove permanently from the homestead at a future time does not constitute abandonment until the removal takes place and dates only from the time of removal."

In *Millett v. Pearson*, 143 Minn. 187, 173 N.W. 411 (Minn.S.Ct.1919), the court said, "To constitute an abandonment there must be an actual removal from the premises. An intention to remove is insufficient." The evidence before this court does not support debtors' assertion that they had removed themselves from the dwelling on Parcel 3 with the intent of never returning and occupying the same. At the time debtors "moved" to the dwelling on Parcel 1, all of debtors' personal belongings, with the exception of a few articles of food and clothing, remained within the dwelling located on Parcel 3.

Furthermore, debtors testified that the dwelling located on Parcel 3 was larger and more suitable for their family's needs. The statement by debtor that he intends to return to the dwelling located at Parcel 1 at some time in the future does not constitute abandonment under the Minnesota Statute. For the foregoing reasons, the objections of the bank and the trustee to the homestead exemption claimed by debtors be and the same is hereby sustained.

IT IS HEREBY ORDERED that the homestead exemption claimed by debtors in Parcel 1, more fully described as W½ of SE¼, Section 33, Township 102 N, Range 11 W, Fillmore County, Minnesota, consisting of 80 acres, be and the same is hereby disallowed.